IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY ROBINSON, | | |
| Plaintiff, | | 8:22-CV-208 |
| vs. | | |
| SCOTT FRAKES, Director of the Department of Corrections, in his Official and Individual Capacity, et al., | | ORDER |
| Defendants. | | |

The plaintiff in this case is alleging, among other things, a civil rights claim arising out of the alleged failure of defendants Scott Frakes and Harbans Deol to make reasonable efforts to protect him from COVID-19. *See* filing 1-1 at 4. Frakes and Deol have moved to dismiss that claim. Filing 4. The plaintiff opposes that motion. *See* filing 9. But the plaintiff has *also* filed a motion for leave to file an amended complaint (filing 11), which is apparently meant to be contingent on the Court's ruling on the motion to dismiss. *See* filing 9 at 8.

The problem the Court faces is inefficiency. The standards for the defendants' Fed. R. Civ. P. 12(b)(6) motion are well-understood: To survive a motion to dismiss under Rule 12(b)(6), a pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim has facial plausibility when it contains factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* While the Court must accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the

non-moving party, *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012), a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. *Iqbal,* 556 U.S. at 678.

The standards for allowing an amended pleading are also familiar: The Court should freely give leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2); *see Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 394 (8th Cir. 2016). But parties do not have an absolute right to amend their pleadings, even under this liberal standard. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008); *see Sorace v. United States,* 788 F.3d 758, 767 (8th Cir. 2015). And futility is a valid basis for denying leave to amend. *Munro v. Lucy Activewear, Inc.*, 899 F.3d 585, 589 (8th Cir. 2018), *cert. denied,* 139 S. Ct. 941 (2019). Specifically, futility means the Court has reached the legal conclusion that the amended pleading could not withstand a motion to dismiss under Rule 12(b)(6). *Id.* at 589.

In other words, both motions before the Court ask essentially the same questions, but about different pleadings. Now, it's not uncommon for a court to face a motion to dismiss and then a motion for leave to amend—but usually, the Court rules on the motion to dismiss and, after dismissing some claims, is asked to decide whether a proposed amended pleading remedies the deficiencies that led to the dismissal. It doesn't make a lot of sense to do both at the same time.

It's also recognized by the Federal Rules of Civil Procedure that a common and appropriate response to a motion to dismiss is for the pleader to amend the pleading to (hopefully) fix the problem. *See* Rule 15(a)(1)(B). Here, the plaintiff could have done that as of right—except that he sought and received an extension of his response brief deadline, taking him outside the 21-day safe harbor of that rule. But the Court finds that "justice so requires"

the plaintiff, as the pleading party, to have at least one opportunity to plead over the arguments raised by the motion to dismiss. *See Applied Underwriters Captive Risk Assurance Co., Inc. v. Ramesh Pitamber & Kusum Pitamber*, No. 8:17-CV-61, 2019 WL 3003852, at *2 (D. Neb. July 10, 2019). And more importantly, the Court finds that judicial efficiency is served by doing so: rather than decide whether the plaintiff *did* state a claim, and then decide separately whether the plaintiff *could* state a claim, it makes far more sense to skip to the end by permitting the plaintiff to file *at least this* amended complaint and then determining whether it is sufficient. *See id.* Accordingly,

IT IS ORDERED:

1.   The plaintiff's motion to strike (filing 10) is granted.

2.   The plaintiff's superseded motion for leave to amend (filing 8) is stricken.

3.   The plaintiff's operative motion for leave to amend (filing 11) is granted.

4.   The plaintiff's amended complaint (filing 11-1) shall be filed on or before August 16, 2022.

5.   The defendants' responsive pleading or motion shall be filed on or before August 30, 2022.

6.   The defendants' motion to dismiss (filing 4) is denied as moot.

Dated this 12th day of August, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge